FILED
CLERK, U.S DISTRICT COURT

FEB – 7 2014

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11  OTTILIE WILLS,                    )   NO. CV 14-665 UA
                                      )   (DUTYx)
12                                    )
                     Plaintiff,       )   **ORDER SUMMARILY REMANDING**
13          v.                        )
                                      )   **IMPROPERLY-REMOVED ACTION**
14  VANESSA WATSON,                   )
    AND DOES 1 TO 5,                  )
15                                    )
                     Defendants.      )
16                                    )
                                      )
17  _____)

18

19      The Court will remand this unlawful detainer action to state

20  court summarily because Defendant VANESSA WATSON ("Defendant")

21  removed it improperly.

22

23      On January 28, 2014, Defendant, having been sued in what

24  appears to be a routine unlawful detainer action in California

25  state court, lodged a Notice Of Removal of that action to this

26  Court and also presented an application to proceed _in forma_

27  _pauperis_.   The Court has denied the latter application under

28  separate cover because the action was not properly removed.   To

1  prevent the action from remaining in jurisdictional limbo, the
2  Court issues this Order to remand the action to state court.

3

4      Under 28 U.S.C. § 1331, district courts "have original
5  jurisdiction of all civil actions arising under the Constitution,
6  laws, or treaties of the United States." Federal jurisdiction is
7  presumed absent unless defendant, as the party seeking to invoke
8  the court's jurisdiction, shows that plaintiff has either alleged
9  a federal cause of action, <u>American Well Works Co. v. Layne &</u>
10 <u>Bowler Co.</u>, 241 U.S. 257, 260 (1916), a state cause of action that
11 turns on a substantial dispositive issue of federal law, <u>Franchise</u>
12 <u>Tax Board v. Construction Laborers Vacation Trust</u>, 463 U.S. 1, 9
13 (1983), or a state cause of action that Congress has transformed
14 into an inherently federal cause of action by completely preempting
15 the field of its subject matter. <u>Metropolitan Life Ins. Co. v.</u>
16 <u>Taylor</u>, 481 U.S. 58, 65 (1987).   Under 28 U.S.C. § 1332(a),
17 "district courts also have original jurisdiction of all civil
18 actions where the matter in controversy exceeds the sum or value of
19 $75,000, exclusive of interest and costs, and is between . . .
20 citizens of different states." <u>See also</u> <u>Matheson v. Progressive</u>
21 <u>Specialty Ins. Co.</u>, 319 F.3d 1089, 1090 (9th Cir. 2003).

22

23     Defendant's notice of removal only asserts that removal is
24 proper based upon federal question jurisdiction, pursuant to 28
25 U.S.C. §§ 1331 and 1446. As set forth above, section 1331 provides
26 that Federal Courts shall have original jurisdiction over all civil

27

28                                2

1    actions arising under the Constitution, laws or treaties of the
2    United States.  Section 1446 sets forth the procedures for removal
3    of civil action.  However, the underlying unlawful detainer action
4    does not raise any federal legal question. Nor does it appear that
5    federal law is a necessary element of any of plaintiff's claims.
6    See Wells Fargo Bank v. Lapeen, No. C 11-01932 LB, 2011 WL 2194117,
7    *3 (N.D. Cal. June 6, 2011) ("an unlawful detainer action, on its
8    face, does not arise under federal law but is purely a creature of
9    California law," citing Wescom Credit Union v. Dudley, No. CV 10-
10   8203-GAF (SSx), 2010 WL4916578, *2 (C.D. Cal. Nov. 22, 2010)
11   (remanding an action to state court for lack of subject matter
12   jurisdiction where plaintiff's complaint contained only an unlawful
13   detainer claim).

14

15        Simply put, this action could not have been originally filed
16   in federal court, because the complaint does not competently allege
17   facts supplying either diversity or federal-question jurisdiction,
18   and therefore removal is improper.  28 U.S.C. § 1441(a); see Exxon
19   Mobil Corp v. Allapattah Svcs., Inc., 545 U.S. 546, 563 (2005).
20   Moreover, defendant has not alleged complete diversity of
21   citizenship between the parties and has not set forth any facts to
22   establish that the amount in controversy exceeds $75,000.  See 28
23   U.S.C. § 1332(a).

24

25        Defendant is further notified and warned that any subsequent
26   attempts to remove the underlying state unlawful detainer action to

27

28                                    3

1   this Court will be improper and will constitute vexatious conduct

2   that the Court will address by way of punitive remedial measures,

3   which may include having defendant designated as a vexatious

4   litigant and barred from commencing any further removal actions

5   with respect to the underlying state unlawful detainer action.

6

7        Accordingly, IT IS ORDERED that (1) this matter be REMANDED to

8   the Superior Court of California, County Of Los Angeles, 111 N.

9   Hill Street, Los Angeles, California 90012, for lack of subject

10  matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) that the

11  Clerk send a certified copy of this Order to the state court; and

12  (3) that the Clerk serve copies of this Order on the parties.

13

14       IT IS SO ORDERED.

15

16  DATED: 1/31/14

17

18                                        _____

19                                        GEORGE H. KING
                                          CHIEF UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28

4